IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.: 14-CV-60643 ROSENBAUM

MARTA LARACUENTE          )
                          )
      Plaintiff,          )
v.                        )
                          )
NEW LIFE HEALTH CARE GROUP, INC. and   )
CELAIDA RUIZ,             )
                          )
      Defendants.         )
_____)

**DEFENDANT, NEW LIFE HEALTH CARE GROUP, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, NEW LIFE HEALTH CARE GROUP, INC. responds to Plaintiff, MARTA LARACUENTE's Complaint as follows in numbered paragraphs corresponding to the numbered paragraphs of the Complaint. Defendant denies each and every allegation not expressly admitted below.

**ANSWER**

1.  Defendant admits that this is an action to recover money damages for alleged unpaid overtime compensation under the laws of the United States of America, however, Defendant denies that Plaintiff is entitled to any relief sought herein.

2.  Defendant admits that this Court has the jurisdiction over the instant this matter.

3.  Defendant admits that venue is proper herein, however, Defendant denies the validity of the alleged dispute and that Plaintiff is entitled to any relief sought herein.

4.  Defendant admits the allegations of this paragraph.

5. Defendant admits the allegations of this paragraph.

6. Defendant admits the allegations of this paragraph.

7. Defendant denies the allegations of this paragraph.

8. Defendant lacks knowledge or information sufficient to form a reasonable belief as to whether "Exist" is an employer as defined and accordingly denies the allegations of this paragraph.

9. Defendant admits the allegations of this paragraph.

10. Defendant denies the allegations of this paragraph.

11. Defendant admits the allegations of this paragraph.

12. Defendant lacks knowledge or information sufficient to form a reasonable belief as to where Plaintiff resides and accordingly denies the allegations of this paragraph.

13. Defendant admits the allegations of this paragraph.

14. Defendant denies the allegations of this paragraph.

15. Defendant admits the allegations of this paragraph.

16. Defendant admits the allegations of this paragraph.

17. Defendant denies the allegations of this paragraph.

18. Defendant denies the allegations of this paragraph.

19. Defendant denies the allegations of this paragraph.

20. Defendant admits the allegations of this paragraph.

21. Defendant denies the allegations of this paragraph.

22. Defendant denies the allegations of this paragraph.

23. Defendant denies the allegations of this paragraph.

24. Defendant denies the allegations of this paragraph.

Case 0:14-cv-60643-JIC   Document 15   Entered on FLSD Docket 04/30/2014   Page 3 of 4

Defendant, New Life Health Care Group, Inc.'s
Answer and Affirmative Defenses to Plaintiffs Complaint
CASE NO.: 14-CV-60643 Rosenbaum

25. Defendant denies the allegations of this paragraph.

26. Defendant denies the allegations of this paragraph.

27. Defendant denies the allegations of this paragraph.

28. Defendant denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES AND OTHER MATTERS

29. The Complaint fails to state a claim upon which relief may be granted, or upon which liquidated damages, or attorneys' fees or costs can be awarded.

30. Plaintiff was paid all compensation to which they were entitled under the FLSA.

31. All or parts of Plaintiff's claims are barred under the de minimis doctrine.

32. To the extent Plaintiff worked any uncompensated time, or allegedly improperly compensated time, Defendant lacked actual or constructive knowledge of such work.

33. All or parts of the claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and/or unclean hands.

34. Defendant did not willfully deprive Plaintiffs of any wages to which they may have been entitled, and did not act willfully or with reckless disregard of any applicable FLSA prohibitions or requirements.

35. At all relevant times, Defendant acted in good faith and with reasonable belief that they did not violate the FLSA with respect to Plaintiff.

36. Defendant reserve the right to assert additional affirmative defenses or defenses of which they become knowledgeable during the course of discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

Defendant, New Life Health Care Group, Inc.'s
Answer and Affirmative Defenses to Plaintiffs Complaint
CASE NO.: 14-CV-60643 Rosenbaum

is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            Jose Antonio Llerena, Esq.
            GARCIA-MENOCAL, IRIAS & PASTORI LLP
            2355 Salzedo Street, Suite 204-C
            Coral Gables, Florida 33134
            T: (305) 400-9652
            F: (305) 520-0195
            PE: jal@flabusinesslawyers.com
                 adrian@gmilaw.com

            By:   /s/Jose Antonio Llerena, Esq.
                  JOSE ANTONIO LLERENA
                  Fla. Bar No.: 0027243
                  ADRIAN IRIAS
                  Fla. Bar No.: 60548

**SERVICE LIST**

Paul F. Penichet, Esq.
paul@penichetlaw.com
Paul F. Penichet, P.A.
19 West Flagler Street
Suite 907
Miami, FL 33130